4-110-247 People v. Mertz for the appellant, Alan Andrews for the appellee, Aaron O'Connell. Mr. Andrews. May it please the court and counsel. The state has accurately cited the Illinois Supreme Court precedent that holds that the issues raised in this appeal are moot because only sentencing issues have been raised. Mr. Mertz objects because he believes that that precedent is wrong, that his appeal is not moot, that his constitutional claims of ineffective assistance of counsel take precedent over the state procedural rule relied upon by the Illinois Supreme Court, the rule that says that Illinois courts cannot interfere with a sentence imposed by the governor. Nonetheless, this court is bound to follow the Illinois Supreme Court precedent. If this appeal is dismissed as moot or if this court were to issue an order holding that all the issues were moot, Mr. Mertz will likely file a petition for legal appeal in the Illinois Supreme Court asking them to change their precedent. When that's denied, then Mr. Mertz will be free to pursue his claims in federal court where they are not moot. So I would concede that the precedent indicates that this court has to hold that the issues are moot, but I do not want to concede that they are moot and we're simply here to preserve Mr. Mertz's right to proceed in federal court. And given the procedural posture of this case, that would conclude my argument. Counsel, why would the Supreme Court send it to us to make a decision that the issue is moot and they could have just done so themselves? I'm presuming they know their own case law. I don't have any idea. I can't recall the name of the case. It was one of the ones that was cited by the state in their motion to dismiss. It was in a posture like this where it was sent to the appellate court and the appellate court held that it was moot. The defendant appealed and the Illinois Supreme Court held that those issues were moot. So I don't read anything into them sending the case here that would indicate that they're reconsidering their position. I couldn't be wrong, but it hasn't occurred to me. What would be the issue you would raise before the federal courts? I'm not sure I follow that. The federal courts have held that the ineffective assistance of counsel claims trump the Illinois procedural rule that a court cannot interfere with the governor's sentence imposed by the governor. So we would be raising, in theory, all of the issues raised in the state court, arguing the various ineffective assistance. What's the remedy that would be available if some court agreed? It was raised in the context of the death sentence, wasn't it? He's asked for a new sentencing hearing, and the remedy would be that he is not, Mr. Mertz is not required to be sentenced to natural life in prison. So the federal courts have held that as long as a natural life sentence is not required, there's a benefit to the defendant for being granted a new sentencing hearing because he could be sentenced to a term of years, which would give him, albeit probably a remote chance, a chance to be released from prison before he died. And as I said, Mr. Mertz is only convicted of the one murder, so natural life is not mandatory. So the federal courts would provide, would consider his issues to not be moved. Okay, thanks, counsel. You'll have rebuttal. Ms. O'Connell. May it please the court, Assistant Attorney General Erin O'Connell on behalf of the people. My opposing counsel has accurately characterized the status of the law right now in the mootness question. As it stands, the Illinois Supreme Court precedent that binds this court has held that Illinois courts lack the authority to modify an executively imposed sentence, which is what we have in this case following the commutation. And actually, in his response to our motion, he did note that a term of years is a possibility. However, Illinois Supreme Court precedent has applied in cases where that was also true. So in People v. Shum, which is 207 L. 2nd 47, it was the exact same situation as we have here. The defendant was, that's eligible because he committed his murder in the course of a rape. That's what happened here. The Illinois Supreme Court still concluded that the issues were moot for sentencing. It didn't consider that the term of years would somehow distinguish the situation from its otherwise clear line of precedent that an Illinois court lacks authority to modify an executively imposed sentence. The federal law, there is a certain amount of tension because they have recognized that they will consider issues, sentencing claims, where the possibility of a term of years exists. However, obviously the court hasn't overruled Illinois state precedent on that point. So at this juncture, the Illinois Supreme Court could certainly reconsider the doctrine that it has enacted should the petitioner file a PLA. But as it stands now, this court is bound by that precedent finding it moot. Okay. If the court has any questions regarding the merits, I would be happy to answer them, but we do appear to both agree that the case is moot. Okay, Counselor, thank you for your candor. Any rebuttal? I waive rebuttal. Okay. Thanks to the three of you. The case is submitted and the court stands adjourned.